# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 6:17-03249-CV-RK |
| v. | ) ) |
| JASON HOUSE, B. N., A MINOR, | ) ) |
| Defendants. | ) |

## ORDER

Before this Court is Plaintiff Prudential Insurance Company ("Plaintiff")'s Motion to Appoint Guardian ad Litem and for Deposit. (Doc. 8.) ("Motion"). The Court seeks clarification before ruling on the Motion.

Pursuant to Federal Rule of Civil Procedure 17(c), the court must appoint a guardian ad litem, or issue another appropriate order, to protect a minor or incompetent person who is unrepresented in an action.[1] In the Motion, Plaintiff identifies Mary Madden as B.N.'s grandmother and proposed guardian. Plaintiff also states Madden does not have an independent claim to the Death Benefit and does not have a conflict of interest with B.N. regarding the Death Benefit. The Court seeks to determine if Mary Madden presents any further conflict of interest to serve as guardian ad litem for B.N. in this case. *See Sam M. ex rel. Elliott v. Carcieri,* 608 F.3d 77, 92 (1st Cir. 2010) ("the minor's best interests are of paramount importance in deciding whether a next friend [or guardian ad litem] should be appointed, but the ultimate 'decision as to whether or not appoint [a next friend or guardian ad litem] rests with the sound discretion of the district court'") (quoting *Fernandez-Vargas v. Pfizer,* 522 F.3d 55, 66 (1st Cir. 2008).[2] The

---

[1] "A 'guardian ad litem' is appointed by the court to represent a minor child in particular litigation; the function of the guardian is to represent and protect unrepresented minors and their interests." *Harris ex rel. Litz v. Lehigh County Office of Children & Youth Services,* 418 F. Supp. 2d 643, 648-49 (E.D. Pa. 2005).

[2] There is little distinction between a guardian ad litem and a next friend. A guardian ad litem is appointed by the court to defend on behalf of a minor party, while a next friend is one who is not a regularly appointed guardian and represents an infant. *Harris ex rel. Litz,* 418 F. Supp. 2d at 648-49, *Davis v. Walker,* 745 F.3d 1303, 1310 (9th Cir. 2014), *Dacanay v. Mendoza,* 573 F.2d 1075, 1081 (9th Cir. 1978). The duties and powers of a next friend and guardian ad litem are identical, regardless of the title given to the representative. *Dacanay,* 573 F.2d at 1081.

Court seeks further clarification as to Madden's familial relationship with: (a) B.N., (b) Bobbi House, and (c) Jason House. Please also provide the minor B.N.'s age. The Court reserves the right to hold a hearing regarding Madden's ability to serve as a guardian ad litem dependent on Plaintiff's response.

It is hereby ordered that Plaintiff supplement the Motion with this information on or before December 14, 2017.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 30, 2017