IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 6:17-03249-CV-RK |
| v. | ) ) | |
| JASON HOUSE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

Death benefits became due upon the death of Bobbie House who was covered by a group life insurance policy through her employer. The insurer, The Prudential Insurance Company of America ("Prudential"), filed an interpleader suit to determine the rights of the competing claimants to the life insurance death benefits: Bobbie House's husband, Defendant Jason House ("House"); and her daughter, Defendant Bailey Nelson ("Nelson").[1] Before the Court are Prudential's motion for default judgment against House and for interpleader relief (Doc. 45) and Nelson's motion for summary judgment (Doc. 32). The motions are ripe for ruling.[2] After careful consideration, the motions are **GRANTED**.

I. Background

    A.    Facts[3]

On October 7, 2016, House shot his wife Bobbi House (the "Insured") in the head. Investigating officers who arrived at the scene observed the Insured bleeding profusely from a gunshot wound to the head. The Insured was transported to the hospital where she succumbed to her injuries. At the scene, the Insured's boyfriend informed investigating officers that House had

---

[1] Bailey Nelson, a minor at the time of filing, is identified in the case caption as B.N and has since reached the age of majority.

[2] Prudential and Nelson have each filed a response to the other's motion. (Docs. 38, 47.) House has not appeared in this action and is in default. In addition, Prudential has filed a supplemental brief in support of its motion for default judgment. (Doc. 48.)

[3] The following facts are uncontroverted.

shot the Insured in the head and had shot at him multiple times. House then fled the scene, leading Missouri State Highway Patrol on a high-speed chase, and was ultimately taken into custody. While in custody, House described to an investigating officer "how he had met with [the Insured] at McDonald's and her boyfriend . . . wasn't supposed to be there. [House] said that he got his gun and went for [the boyfriend]." (Doc. 33-2 at 2.) House also described "how he shot [the Insured] and attempted to shoot [the boyfriend]. [House] said he fired all but two of the rounds in the gun one of which struck [the Insured] in the head." (*Id.*) House was charged with and ultimately convicted, on April 10, 2019, of first-degree murder of the Insured.[4]

At all relevant times, the Insured was covered under a life insurance policy issued by Prudential to Wal-Mart Stores, Inc. bearing Group Policy No. G-43939 (the "Policy"). Under the Policy, which is attached to the Amended Complaint, the Insured was covered for basic life insurance in the amount of $29,000, optional life insurance in the amount of $25,000, and optional accidental death and dismemberment insurance in the amount of $25,000 for a total death benefit of $79,000 ("Death Benefit"). The Insured designated Defendant House as the sole primary beneficiary and Defendant Nelson as the sole contingent beneficiary for the Death Benefit.

### B. Procedural History

On August 8, 2017, Prudential sued House and Nelson seeking interpleader relief regarding life insurance death benefits in the amount of $54,000, which are due because of the death of the Insured. (Doc. 1.) House and Nelson were both personally served with the Complaint on August 24, 2017, and August 25, 2017, respectively. (Docs. 5, 6.) Upon request by Prudential, the Court appointed a guardian *ad litem* for Nelson, then a minor, and directed Prudential to deposit the $54,000 death benefit with the Court. (Doc. 14.) After discovering an additional $25,000 optional life insurance benefit, Prudential amended its Complaint and filed a motion to deposit the additional death benefit and for interpleader relief. (Docs. 21, 22.)

Nelson answered the Amended Complaint and filed the pending motion for summary judgment. (Docs. 27, 31, 32.) House was personally served with the Amended Complaint and motion to deposit additional funds and for interpleader relief but has failed to plead or otherwise appear. (Doc. 26.) An entry of default against House was entered on January 24, 2019. (Doc. 42.)

---

[4] The Court takes judicial notice of the judgement of conviction in *State v. Jason M. House*, Case No. 16AL-CR01664, in the Circuit Court of Howell County, Missouri. (*See* Doc. 33-3 (Information in Case No. 16AL-CR01664).)

On January 25, 2019, the Court granted Prudential's request to deposit the additional funds and denied, without prejudice, its request for interpleader relief pending resolution of House's default. (Doc. 43.) Prudential deposited the additional $25,000 with the Court on February 6, 2019. Prudential seeks default judgment against House and judgment against Nelson, granting it interpleader relief. (Doc. 45.) Nelson does not oppose. (Doc. 47.) Nelson also seeks summary judgment in her favor because House is disqualified from receiving any benefits under the policy issued by Prudential. (Doc. 32.)

## II. Jurisdiction

The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the case arises under Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. *See Metro Life Ins. Co. v. Price*, 501 F.3d 271, 276 (3rd Cir. 2007) (courts have recognized that an interpleader action "arises under" federal law when brought by an ERISA fiduciary against competing claimants to plan benefits). The Court has personal jurisdiction over House and Nelson because they are citizens of Missouri and were served with process. (Doc. 21 at ¶ 3; Doc. 48 at 2-3.); *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (federal courts have general personal jurisdiction over individuals in the states in which the individuals are domiciled); *Vlandis v. Kline*, 412 U.S. 441, 454 (1973) (for purposes of federal jurisdiction, domicile and citizenship are synonymous terms); *New York Life Ins. Co. v. Dunlevy*, 241 U.S. 518, 521 (1916) (interpleader action is an in personam proceeding).

## III. Motion for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step procedure for obtaining a default judgment. First, when a party "has failed to plead or otherwise defend" "the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (entry of default by the clerk must precede grant of default judgment under Rule 55(b)). Second, Rule 55(b) authorizes the clerk or court to enter a default judgment. If the judgment sought is not for a sum certain, a "party must apply to the court for default judgment." Fed. R. Civ. P. 55(b)(2). Rule 55 provides that the court may conduct hearings if necessary to conduct an accounting; determine the amount of damages; establish the truth of any allegation by evidence; or investigate any other matter. *Id.* "A default judgment entered by the court binds the party facing the default as having admitted all of the well-pleaded allegations in the plaintiff's complaint." *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722

(8th Cir. 2004) (citations omitted).  Factual allegations in the Complaint are taken as true, except those relating to damages.  *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).  "[I]t is incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment."  *Marshall v. Baggett*, 616 F.3d 849, 852-53 (8th Cir. 2010) (citation and internal quotations omitted).

The Clerk previously entered default as against House.  Prudential seeks injunctive relief and not damages in a sum certain, and it therefore must apply to the Court for default judgment.  A hearing is not necessary because the Court need not conduct an accounting, determine damages, establish the truth of any allegation by evidence, or investigate any other matter.  The Court must determine if, accepting all well-pleaded facts in the Amended Complaint as true, the unchallenged facts constitute a legitimate action for interpleader by Prudential against House and Nelson.  This in turn leads to the Court's consideration of whether Prudential has properly invoked interpleader, and further, whether Prudential is entitled to the interpleader relief it seeks.

### 1. Rule 22 Interpleader

Prudential brings this action for interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure.  Rule 22 provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."  Fed. R. Civ. P. 22(a)(1).  Here, there is a single fund at issue (the Death Benefit), which Prudential has already deposited with the Court.  *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1704 (3d. ed. 2001) (interpleader stakeholder must fear multiple litigation directed at a single fund).  There are two competing claims to the Death Benefit—by House, as the designated primary beneficiary, and by Nelson, as the designated sole contingent beneficiary.  *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976) (interpleader requires multiple adverse claimants).  House has not yet been adjudicated to be disqualified from his entitlement to the Death Benefit and therefore still has a potential claim to the Death Benefit.  *See* Federal Practice and Procedure: Civil 3d § 1707 (prospective claims allowed in interpleader actions).  Because of these competing claims, Prudential may be exposed to multiple liability regarding the Death Benefit.  Nelson has no objection to Prudential's motion.  (Doc. 47.)  House has been given the opportunity to be heard on this matter but has failed to plead or otherwise appear.  The Court is not aware of any equitable concern that would justify preventing interpleader relief.  *See* 2 Moore's Manual—Federal Practice and Procedure § 14.74; Federal Practice and Procedure: Civil 3d § 1709

4

(court may deny interpleader relief if a stakeholder's conduct has evidenced a lack of equity). Accordingly, accepting all well-pleaded facts in the Amended Complaint as true, the unchallenged facts constitute a legitimate interpleader action by Prudential against House. Prudential has properly invoked interpleader relief.

2. **Interpleader Relief**

Prudential asks the Court to (1) dismiss it with prejudice from this action, (2) discharge it from all liability with respect to the deposited funds, and (3) restrain the claimants (House and Nelson) from initiating or pursuing any action or proceeding against it regarding the Policy and/or the Death Benefit. When a district court decides that interpleader is available, it may issue an order discharging an uninterested stakeholder and enjoining the parties from bringing any other proceeding related to the same subject matter. Federal Practice and Procedure: Civil 3d § 1714; *see* 28 U.S.C. § 2361 ("In any civil action of interpleader . . ., a district court may . . . enter its order restraining [claimants] from initiating or prosecuting any proceeding . . . affecting the property, instrument or obligation involved in the interpleader action.]") ("Such district court . . . may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.").

The Court finds that interpleader is available. Prudential indicates it is a neutral stakeholder and takes no position on who, as between Nelson and House, is entitled to the Death Benefit. (Doc. 38.) Again, Nelson has no objection, and House has failed to plead or otherwise appear. Therefore, the Court will enter an order dismissing Prudential, discharging it from all liability with respect to the deposited funds, and restraining House and Nelson from bringing any action against Prudential regarding the Policy and/or the Death Benefit.

IV. **Motion for Summary Judgment**

Nelson's motion for summary judgment seeks a finding by the Court that designation by the Insured of House as a beneficiary under the Policy is void by his conduct. Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Once the movant fulfills its responsibility of informing the court of the basis for its motion, identifying the portions of the record that demonstrate the absence of a genuine issue of material fact, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Hess v. Union Pac. R.R. Co.*, 898

F.3d 852, 857 (8th Cir. 2018) (quotation marks and citations omitted). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Because the Court has subject-matter jurisdiction in this interpleader action based upon a federal question, which is undisputed, federal law governs. Under federal common law, House is disqualified from receiving the Death Benefit because the uncontroverted material facts demonstrate that House was convicted of murder in the first-degree of the Insured. *Atwater v. Nortel Networks, Inc.*, 388 F. Supp. 2d 610, 615 (M.D.N.C. 2005) (under federal common law, "no person should be permitted to profit from his own wrong").[5] As contingent beneficiary, Nelson is therefore entitled to the Death Benefit.

Accordingly, the Court **ORDERS** as follows:

(1) Prudential's motion for default judgment and for interpleader relief is **GRANTED**. (Doc. 45.)

(2) Nelson's motion for summary judgment is **GRANTED**. (Doc. 32.)

(3) Prudential is **DISCHARGED** from all liability with respect to the deposited funds.

(4) House and Nelson are **ENJOINED** from initiating or pursuing any action or proceeding against it regarding the life insurance policy issued by Prudential to Wal-Mart Stores, Inc. bearing Group Policy No. G-43939 (the "Policy") specific to its coverage for Bobbi House for a total death benefit of $79,000.

**IT IS SO ORDERED.**

                                        s/ Roseann A. Ketchmark
                                        ROSEANN A. KETCHMARK, JUDGE
                                        UNITED STATES DISTRICT COURT

DATED: May 2, 2019

---

[5] House would also be disqualified from receiving the Death Benefit if Missouri law applied. *See* Mo. Rev. Stat. § 461.054.2 (disqualifying beneficiary designation on life insurance proceeds of a person who willfully and unlawfully causes the death of the insured); *Bradley v. Bradley*, 573 S.W.2d 378, 380 (Mo. App. 1978) (beneficiary who is guilty of murder in first or second degree is not entitled to insurance proceeds).